**Entered on Docket**
**October 25, 2012**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 24, 2012

_____
**THOMAS E. CARLSON**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 12-31727 TEC |
| AMADOR FRAIRE, JR. and STEPHANIE FRAIRE, | Chapter 13 |
| | Date: November 5, 2012 |
| | Time: 1:30 p.m. |
| | Ctrm: Hon. Thomas E. Carlson |
| | 235 Pine Street, 23rd Fl. |
| Debtors. | San Francisco, California |

## MEMORANDUM DECISION

On October 22, 2012, the court held a continued hearing on the motion for relief from stay filed by Leaf Property Holdings, LLC (Lessor). Charlie W. Yu appeared for Lessor. Karl-Fredric J. Seligman appeared for Debtors.

FACTS

Debtors rent their residence at 279 Woodson Way, Vallejo, California. The initial term of the lease ended on April 30, 2012, but the lease afforded Debtors three one-year extensions if they were not in default. Behind in rent payments by several months, Debtors signed a Settlement Agreement with Stipulation for Judgment (the Settlement) in March 2012. The Settlement required Debtors to cure the default over nine months, and by implication permitted

MEMORANDUM DECISION -1-

Debtors to invoke the first one-year extension of the lease term, even though they remained in default. The Settlement provided that if Debtors did not make all required payments, Lessor was entitled to forfeiture of the lease, judgment for possession, and a writ of possession.

Debtors fell behind on the required settlement payments. Lessor declared the lease forfeit, but Debtors filed a chapter 13 petition in this court before Lessor could obtain judgment for possession or a writ of possession.

After the filing of that petition and without relief from stay, Lessor obtained judgment for possession and a writ of possession, which Lessor acknowledges is void. Lessor contends that it did not receive notice of the bankruptcy before obtaining such relief.

Lessor now comes to the court seeking relief from stay, based on the facts stated above, and on the basis that Debtors have not paid post-petition rent. Debtors object to relief from stay, arguing that Lessor has refused to accept post-petition rent payments, and that their chapter 13 plan will pay all lease arrears over 24 months.

DISCUSSION

The lease and Settlement constitute an executory contract. Under section 365 of the Bankruptcy Code, Debtors may assume that contract and cure the defaults under that contract in their chapter 13 plan. Debtors retain an interest in the leasehold, and may move to assume the lease, until they can no longer seek relief from forfeiture under section 1179 of the California Code of Civil Procedure. <u>Vandermark Properties v. Buchbinder (In re Windmill</u>

**MEMORANDUM DECISION** -2-

Farms, Inc.), 841 F.2d 1467, 1471-72 (9th Cir. 1988). That period has not run, because it is calculated from entry of judgment declaring a forfeiture of the lease, and the only such judgment entered to date is void.

Debtors' chapter 13 plan, however, proposes to cure the lease over too long a period. The end of the first one-year extension of the lease is April 30, 2013. Unless Debtors have cured the default by that date, the lease will end. Case law indicates that a debtor may not extend the time for curing a default beyond the term of the contract. In re Morgan, 181 B.R. 579, 585 (Bankr. N.D. Ala. 1994). I thus determine that Debtors must amend their chapter 13 plan to cure all defaults under the lease before April 30, 2013.

Debtors should also be required to pay immediately all post-petition rent payments already due, and to pay future rent payments promptly as they come due.

In light of the above, the court requires Debtors to do the following by November 2, 2012 as a condition for continuing the automatic stay beyond that date: (1) deposit good funds in their counsel's trust account in the amount of $10,395 for payment of post-petition rent (July through November at $2,079 per month); and (2) amend their chapter 13 plan (a) to increase plan payments for the period of November 2012 through March 2013, and (b) to provide for a fixed adequate protection payment to Lessor in the amount of $1,656 per month for those five months[1].

---

[1] Each monthly fixed payment ($1,656) represents one-fifth of the remaining pre-petition default, which consists of catch-up payments due under the Settlement from June 2012 through November 2012 totaling $4,123, and unpaid pre-petition, post-Settlement rent for May and June 2012 totaling $4,158. Any additional amounts properly due Lessor for attorneys fees or otherwise will be added to the fixed plan payments due January through March 2013. Debtors

**MEMORANDUM DECISION** -3-

The court will hold a hearing on November 5, 2012 at 1:30 p.m. to determine whether Debtors have complied with the requirements set forth above. Because Debtors have been able to remain in possession of the premises for an extended time post-petition without complying with the terms of the lease and Settlement, the court determines that the stay should be annulled if Debtors do not comply with the requirements set forth above.

**\*\*END OF MEMORANDUM DECISION\*\***

---

should increase chapter 13 plan payments by an amount sufficient to provide for these fixed payments and the Chapter 13 Trustee's commission, and should specify in the amended plan that the Chapter 13 Trustee is to distribute the fixed payments immediately whether or not the plan has been confirmed.

**MEMORANDUM DECISION** -4-